IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


REGINALD MCCALLUM,

    Petitioner,

v.                                                        CASE NO. 4:05-cv-00387-MP-AK

MADISON COUNTY JAIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 5, Amended Petition for Writ of Habeas Corpus, filed by Reginald McCallum. In this petition, Petitioner claims that he should be released because there is no work release program where he is presently housed in violation of his plea agreement with the State and the Equal Protection Clause. *Id*. at 4. Petitioner candidly states that he has not exhausted this issue in state court through any means.

Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144

L.Ed.2d 1 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process").

Petitioner's time for seeking Rule 3.850 relief has not expired, and the claims raised here, having not been exhausted in state court, are not properly before this Court for consideration. Petitioner should act promptly in pursuing his state court remedies, however, as the one-year statute of limitations for filing a habeas action in this Court is tolled only during the time that a properly filed motion for post-conviction relief is pending in state court. A significant portion of that the one-year period has already expired, and further delay in taking action in state court may bar Petitioner from returning to this Court.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended petition for writ of habeas corpus, Doc. 5, be **DENIED**, and this cause be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**IN CHAMBERS** at Tallahassee, Florida, this __17th__ day of November, 2005.

> s/ A. KORNBLUM
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 4:05-cv-00387-MP-AK*